# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Philip A. Brimmer

Civil Case No. 09-cv-00487-PAB-MJW

ELMER MARSH,

    Plaintiff,

v.

RICHARD PERSONS, et al.,

    Defendants.
_____

## ORDER ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 35] concerning plaintiff's Motion for Preliminary Injunction [Docket No. 5] and plaintiff's Motion to Waive Posting of Security [Docket No. 4]. On August 17, 2009, plaintiff filed objections [Docket No. 41] to the Recommendation which have been accepted as timely. Defendants filed a response [Docket No. 46] to the objections.

As a preliminary matter, the parties disagree about the appropriate standard under which the Court is to review the magistrate judge's recommendation on plaintiff's motion for preliminary injunction. Defendants contend that a motion for preliminary injunction is non-dispositive and, thus, is reviewed under a "clearly erroneous or contrary to law" standard. Plaintiff, on the other hand, argues that *de novo* review is required in light of his objections. "For purpose of reference, motions for preliminary injunction are generally treated as dispositive motions, and thus, the Court reviews the

objected-to portions of the Magistrate Judge's Recommendation *de novo*."
*Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2008 WL 4216265, at *19 (D. Colo. Sept. 12, 2008) (citing Fed. R. Civ. P. 72(b); *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002)); *see also Colorado Wild Inc. v. U.S. Forest Serv.*, 523 F. Supp. 2d 1213, 1216 (D. Colo. 2007). Because plaintiff has objected to the magistrate judge's recommendation regarding the motion for preliminary injunction in this case, the Court conducts a *de novo* review.

In the Recommendation, the magistrate judge applied the correct law regarding preliminary injunctions. A preliminary injunction is, indeed, an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *see also Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 376 (2008). Consequently, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enterprise Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

As the magistrate judge indicated, in order to obtain a preliminary injunction, the moving party bears the burden of establishing that four factors weigh in its favor: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter*, 129 S. Ct. 365, 374).

"[T]he limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Schrier*, 427 F.3d at 1258 (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)) (internal quotation marks omitted). As a result, there are three types of particularly disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (citing *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), *aff'd on other grounds*, 546 U.S. 418 (2006)). Before a court grants relief under one of these three types of preliminary injunctions, a movant seeking such an injunction must make a heightened showing of the four factors. *RoDa Drilling*, 552 F.3d at 1209; *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

      The present case revolves around plaintiff's treatment while in the custody of the State of Colorado's prison system. Plaintiff has been diagnosed with chronic renal insufficiency and, at some point, had an operation to create a cimino fistula in his left forearm. A cimino fistula is a type of vascular access for hemodialysis. Resp. to Pl.'s Objection to Recommendation of United States Magistrate Judge [Docket No. 46] at 1-2. Dr. Rina Shinn later determined that plaintiff needed a revision to his cimino fistula. After this revision was performed, Dr. Shinn told prison staff that they should not place a metal handcuff on plaintiff's left wrist because it would act as an obstruction. Resp. to

Mot. for Prelim. Inj. [Docket No. 29], ex. 4. When Dr. Shinn saw plaintiff two months later, she saw evidence that a handcuff was used on his left wrist. Dr. Shinn advised the prison staff that they should never use a metal cuff on plaintiff's left wrist, but instead she recommended that they use a leather cuff. Resp. to Mot. for Prelim. Inj. [Docket No. 29], ex. 4. Prison staff later consulted with plaintiff's doctor, informed her that they did not have leather hand restraints, and convinced her to change her order. The new order allows the use of metal handcuffs as long as they are not tightly applied and so long as protective material is placed between plaintiff's wrist and the handcuffs. Four months later, Dr. Shinn closed the cimino fistula because it was malfunctioning. She later noted that plaintiff "is currently not in need of dialysis access." Resp. to Mot. for Prelim. Inj., ex. 7.

Plaintiff alleges that scar tissue in his left wrist has caused his wrist to become hypersensitive and any type of pressure now causes him "unimaginable pain and suffering." Therefore, plaintiff requests a preliminary injunction enjoining the defendants from continued use of metal handcuffs on him. Plaintiff's motion for a preliminary injunction also seeks to enjoin defendants from transferring him as retribution for his filing the present case.

With respect to the handcuff issue, the magistrate judge concluded that plaintiff failed to establish irreparable harm due to the fact that his doctor rescinded her original order banning the use of metal handcuffs and that the treatment which precipitated the need for the restriction has been discontinued. With respect to the transfer issue, the magistrate judge found that because there was no indication the plaintiff had been or would be transferred, the harm was too speculative to support injunctive relief. Finally,

4

the magistrate judge concluded that plaintiff is requesting a disfavored preliminary injunction which would alter the status quo.

Plaintiff appears to object to each of these conclusions. Because, at the time he filed his motion and his objections, plaintiff was proceeding *pro se*, the Court will construe his objections liberally and address each of these issues.[1] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because plaintiff's motion for preliminary injunction fails under the traditional standard, the issue of whether the injunction would be disfavored as altering the status quo is of no consequence.

In his Recommendation, the magistrate judge relied solely on the second factor of the four preliminary injunction factors, *see RoDa Drilling*, 552 F.3d at 1208, to justify denial of injunctive relief. However, rather than addressing only the second factor – a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief – I believe discussion of all four factors is appropriate.

Turning first to plaintiff's likelihood of success on the merits, the medical evidence indicates that the fistula has been closed. Thus, the medical condition that caused Dr. Shinn to direct the prison staff not to use metal handcuffs no longer exists. While plaintiff asserts that his left wrist has become hypersensitive due to scar tissue, records attached to plaintiff's objections, which the Court will consider pursuant to Federal Rule of Civil Procedure 72(b)(3), do not reference hypersensitivity or complaints of hypersensitivity. Whereas Dr. Shinn previously ordered that plaintiff should "<u>never</u> have any metal cuff on the [left] wrist and can only have soft cuff, such as

---

[1] On November 17, 2009, several months after plaintiff filed his objections, counsel entered their appearance on behalf of plaintiff in this case.

a leather-type cuff on the [left] wrist," Resp. to Pl.'s Objection to Recommendation of United States Magistrate Judge, ex. 4 at 2, she states, a year later, that plaintiff "wishes to have leather handcuffs since that seems to be easier than the metal handcuff and if this is allowable this can be dispensed for the patient." Objection to Recommendation of United States Magistrate Judge [Docket No. 41] at 7.  In other words, it appears that the closing of the fistula and the passage of time has lessened Dr. Shinn's concerns regarding the use of metal handcuffs.  At this preliminary stage of the proceedings, the Court finds that plaintiff has not met his burden in showing that he has a likelihood of success of on the merits.

I now turn to the second factor – a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief – and find that the magistrate judge arrived at the correct conclusion on this question as well.  Because Dr. Shinn modified her directive on the use of metal cuffs and because the fistula has been closed, plaintiff is unable to show that he is likely to suffer an injury that is certain, great, actual and not theoretical.  *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Turning to the final two factors – the balance of equities and the public interest – I find that plaintiff is unable to make his showing here as well.  While constitutionally compliant treatment of prisoners presents equitable issues and raises public interest concerns, so too does the secure transport of prisoners.  Therefore, having failed to make the necessary showing on any of the four preliminary injunction factors, plaintiff's motion for preliminary relief must be denied.

I now turn to plaintiff's request to enjoin defendants from transferring him as retribution for his filing the present case. Because of the speculative nature of plaintiff's claim, the Court cannot find under the preliminary injunction standard that there is a likelihood of success on the merits or a likelihood of irreparable harm in the absence of a preliminary injunction. For the same reason, the equitable and public interests are uncertain. Therefore, he is not entitled to a preliminary injunction on that issue either.

Accordingly, it is

**ORDERED** that plaintiff Elmer Marsh's objections [Docket No. 41] are OVERRULED and the Recommendation of United States Magistrate Judge [Docket No. 35] is ACCEPTED. Plaintiff Elmer Marsh's motion for preliminary injunction [Docket No. 5] is DENIED. Plaintiff Elmer Marsh's "Motion to Waive Posting of Security" [Docket No. 4] is DENIED as moot.

DATED March 15, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge