IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:09-cv-00487-PAB-MJW

ELMER MARSH,

Plaintiff,

v.

RICHARD PERSONS, Individually and Official Capacities, as a Captain at Fremont
Correctional Facility,
JOHN DOE, in his Individual and Official Capacities as a Colorado Department of
Corrections Transportation Sergeant,
JOHN DOE, in his Individual and Official Capacities, as a Colorado Department of
Corrections Officer, and
RENEE MARTINEZ, Health Services Administrator, in her Individual Capacity,

Defendants.

## PROTECTIVE ORDER ( *Docket No 89-1* )

Upon a showing of good cause in support of the entry of a protective order to restrict

materials and information sought by the Plaintiff that are deemed confidential and should be

protected from disclosure based on the security interest of the Colorado Department of

Corrections (CDOC), employer of the Defendants Richard Persons and Renee Martinez, IT

IS ORDERED:

1.    This Protective Order shall apply to: (1) Colorado Department of Correction's

Administrative Regulation 300-37RD and (2) Fremont Correctional Facility's

Implementation/Adjustment of AR 300-37RD, hereinafter referred to collectively as

"confidential information," to be produced in response to Plaintiff's discovery Request for Production no. 4.

3.     The confidential information or discussion of the confidential information shall not be disclosed or used for any purpose except as an attachment to a pleading or for preparation for trial in this case.

4.     If the confidential information is used in connection with a motion or application to the Court, it shall be filed under seal *consistent with D. C. Cir. LCvR* and shall remain under seal so long as the *7. 2* Administrative Regulation retains the designation CONFIDENTIAL;

5.     The confidential information shall not be disclosed to any individual except that such information may be disclosed to attorneys, including paralegals, law clerks and secretaries actively working on this case;

6.     Counsel also agrees that counsel will advise, instruct and supervise all associates, staff and employees of counsel to keep the information confidential in the strictest possible fashion.

7.     Plaintiff's counsel is prohibited from showing or discussing the confidential information with Plaintiff at any time now or in the future.

8.     If counsel file any pleading that discuss the contents of or contain copies of the confidential information, such restricted materials and pleading shall not be distributed to Plaintiff.

9.     Whenever a deposition involves the disclosure of and discussion of the Confidential Document, the deposition or portions thereof shall be designated as

2

CONFIDENTIAL and shall be sealed and subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     At the conclusion of this case, unless other arrangements are agreed upon, the confidential information and all copies thereof shall be returned to the Defendants' counsel.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Entered an ORDER of this Court this 15th day of _____April_____, 2010.

_____
Magistrate Judge Michael J. Watanabe

3