IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00487-PAB-MJW

ELMER MARSH,

    Plaintiff,

v.

JOHN DOE, in his Individual and Official Capacities, as a Colorado Department of Corrections Transportation Sergeant,
JOHN DOE, in his Individual and Official Capacities, as a Colorado Department of Corrections Officer, and
RENEE MARTINEZ, Health Services Administrator, in her Individual Capacity,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 143] filed on February 3, 2011. United States Magistrate Judge Michael J. Watanabe recommends that defendant's motion for summary judgment [Docket No. 95] be granted and that plaintiff's motion to substitute party [Docket No. 121] be denied.[1] Plaintiff filed objections [Docket No. 146] to the Recommendation and the defendant filed a response [Docket No. 149].

---

[1] Renee Martinez is the only remaining named defendant in this action. Although plaintiff originally named two John Does in his complaint, he has not amended his complaint to state these officers' identities or served these individuals. Therefore, as discovery is now closed in this case and plaintiff has had ample time to name and serve these individuals, the Court will dismiss plaintiff's claims against them without prejudice. *See* Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice for failure to serve a defendant in a timely fashion); *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (observing that dismissal may be appropriate when unnamed defendants remain unidentified for a lengthy period of time).

Plaintiff's objections do not address the magistrate judge's recommendation that plaintiff's motion to substitute party be denied.[2] In the absence of an objection to a recommendation, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991): *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed this portion of the recommendation to satisfy itself that there is "no clear error on the face of the record."[3] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law. Therefore, the recommendation will be accepted on this issue and plaintiff's motion for substitution will be denied.

Plaintiff has, however, objected to the grant of summary judgment. Therefore, the Court reviews defendant's motion de novo. The Court finds that, given the full briefing on this motion, oral argument would not materially assist the Court. *See* D.C.COLO.LCivR 7.1(e). The Court therefore takes up the motion in light of plaintiff's objections and conducts the requisite de novo review.

---

[2] Plaintiff's motion seeks to substitute Lynn Erickson, in her official capacity as the current Health Services Administrator for the Fremont Correctional Facility, for one of the John Doe defendants.

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(b).

I. **BACKGROUND**[4]

Plaintiff is an inmate at Fremont Correctional Facility ("FCF") in Cañon City, Colorado. Plaintiff claims defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by repeatedly transporting him with metal handcuffs, causing him permanent physical damage.

Plaintiff was diagnosed in 1994 with chronic renal insufficiency nearing the end stage and had a left cimino fistula placed in July 2006. A cimino fistula is a surgically created connection between an artery and a vein in the forearm that allows for vascular access for hemodialysis. On May 15, 2008, plaintiff saw an outside medical provider, Dr. Rina Shinn, in the surgical clinic at the Colorado Mental Health Institute at Pueblo ("CMHIP"). Plaintiff complained of swelling and tenderness around his left forearm cimino fistula, and Dr. Shinn found that his fistula had not matured well. On May 28, 2008, plaintiff was admitted to CMHIP's medical surgical services unit for Dr. Shinn to perform a procedure intended to correct the problems with his poorly matured fistula. Dr. Shinn noted on plaintiff's chart that possible handcuffing over his forearm caused an obstruction of the fistula. In her discharge note, Dr. Shinn stated plaintiff was to have no handcuffs placed on his left arm. On June 3, 2008, plaintiff was discharged and transported back to FCF.

On July 31, 2008, plaintiff was transported from FCF to CMHIP for a follow-up consultation with Dr. Shinn. Dr. Shinn noted red handcuff marks on plaintiff's forearm and obstruction of the fistula. She ordered that plaintiff "NEVER" have a metal cuff on

---

[4] Unless otherwise indicated, the following facts are not in dispute.

his left arm. This consultation note was transcribed and forwarded to defendant Renee Martinez, who was the Health Services Administrator ("HSA") at FCF from April 2005 through May 2009. FCF policy required all inmates to be transported with handcuffs. On August 13, 2008, Martinez raised the issue of Dr. Shinn's handcuffing restriction at an FCF management meeting. Security personnel present at the meeting would not agree to an exception to the FCF restraint policy for plaintiff. Martinez decided to discuss alternatives with Dr. Shinn. Dr. Shinn rescinded her previous order after speaking with Martinez about the restraint options for plaintiff during transports and directed that plaintiff could have a metal cuff so long as the wrist was protected and a loose cuff was used. Martinez discussed the new order with plaintiff and gave him a permit for kerlix wrapping which he was to give to security personnel before he was transported. Martinez also demonstrated for her staff a counterpressure procedure, approved by Dr. Shinn, which plaintiff was to use in order to relieve pressure on his fistula during transport. Martinez herself was never present for the cuffing and transport of plaintiff. On November 26, 2008, Dr. Shinn performed a ligation, i.e. closure, of plaintiff's fistula because it did not properly mature. Dr. Shinn testified that she performed a venogram to determine why plaintiff's fistula did not properly mature and found it hard to believe that handcuffing was the cause.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City &*

*Cnty. of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III.  DISCUSSION

Plaintiff asserts that Martinez violated his Eighth Amendment rights by allowing a handcuffing procedure in direct conflict with Dr. Shinn's orders and that this procedure caused his fistula not to mature. The parties agree that plaintiff's Eighth Amendment deliberate indifference claim requires proof of both a subjective and objective element. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The magistrate judge found that plaintiff failed to create a genuine issue of material fact. The plaintiff objects to the magistrate judge's findings as to each element. The Court will address each in turn.

#### A.  **Subjective Element - Culpable State of Mind**

To meet the subjective element of a deliberate indifference claim, plaintiff must present sufficient evidence that the defendant had a "culpable state of mind" and knew

of and disregarded "an excessive risk to inmate health or safety." *Mata*, 427 F.3d at 751 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Where a prison medical official serves "solely . . . as a gatekeeper for other medical personnel capable of treating the condition," she may be held liable under the deliberate indifference standard if she "delays or refuses to fulfill that gatekeeper role." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) (deliberate indifference can be manifested by prison personnel "intentionally denying or delaying access to medical care").

Here, the magistrate judge found that there was no evidence that Martinez disregarded a substantial harm to plaintiff's health or safety; rather, the undisputed evidence shows that Martinez had no authority to make security decisions such as transporting plaintiff without handcuffs. Nevertheless, she took affirmative steps to protect the plaintiff from injury while he was being transported. Plaintiff objects, citing evidence which he argues creates a genuine issue of fact and which would allow a jury to infer Martinez deliberately disregarded a serious risk to his health. *See* Docket No. 146 at 4-6. First, plaintiff cites to his own affidavit, which states that Martinez "did not care" and told him he had "no other choice but to wear the handcuffs." Docket No. 109-7 at 3, ¶ 9. Second, plaintiff argues that Martinez was at the top of the chain of command at the FCF medical unit, Docket No. 96-4 at 5, and Captain Richard Persons testified that at FCF doctors' orders are given through the chain of command such that correctional officers follow them as a matter of policy. Docket No. 109-3 at 11. Third, plaintiff's affidavit states that it was impossible for him to execute the counterpressure

procedure approved by Dr. Shinn given the way he was handcuffed during transport. Docket No. 109-7 at 3, ¶ 11.

None of these facts, however, creates a genuine issue as to Martinez's culpable state of mind or contradicts her deposition testimony. Martinez does not dispute that she told plaintiff he had to wear metal handcuffs. She told plaintiff this because security personnel said that plaintiff had to wear handcuffs. Martinez testified that, given the security major would not make an exception to the handcuffing policy for plaintiff, she took efforts to reach a reasonable accommodation with his outside physician. See Docket No. 109-4 at 11. Uncontradicted evidence showed that, although Martinez was the top of the chain of command at the FCF medical unit, she did not have the authority to order an inmate to be transported without restraints. See Docket No. 109-4 at 5 (discussing the chain of command within the medical unit); Docket No. 109-4 at 11 ("security major says at no point is there ever an exception for not cuffing an offender when they go out on medical trips . . . So it was on me to go back to see what we could do to protect him and also provide the security needed on his outside transports"). Captain Persons' testimony does not contradict Martinez's. Captain Persons testified that correctional officers would follow a doctor's order that was given through the chain of command. Docket No. 109-3 at 11. Martinez testified that outside medical providers do not give orders that security staff have to follow, but make recommendations which Martinez then sought to accommodate in light of FCF's resources and administrative policies. See Docket No. 96-4 at 9-10, 12. Nothing in plaintiff's evidence disputes the fact that Martinez worked with Dr. Shinn and the staff at FCF to reasonably accommodate plaintiff's fistula during his transports.

Nor does plaintiff's evidence suggest that Martinez knew the cuffing procedure that she and Dr. Shinn ultimately approved would result in permanent damage to plaintiff. Plaintiff claims that evidence in the record shows that Dr. Shinn approved a counterpressure method for plaintiff to use during transports, but that such a counterpressure method was impossible given the way plaintiff was handcuffed. As Martinez points out, it is undisputed that she demonstrated the counterpressure procedure for her staff prior to plaintiff being handcuffed and transported. *See* Docket No. 96-4 at 19. Plaintiff presents no evidence from which a jury could infer that Martinez knew of and disregarded a serious risk to plaintiff's health. Therefore, the Court agrees with the magistrate judge that plaintiff cannot meet the subjective element of his deliberate indifference claim.

### B. Objective Element - Substantial Harm

To meet the objective element of a deliberate indifference claim, plaintiff must present evidence that the harm he suffered as a result of defendant's deliberate indifference was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834. "[T]he purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering." *Mata*, 427 F.3d at 753. This element "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* at 751 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The magistrate judge found that plaintiff did not create a material issue of fact as to the second element of his deliberate indifference claim because Dr. Shinn stated in her unrebutted testimony that she found it "hard to believe" the handcuffing of plaintiff

caused his fistula not to mature.  *See* Docket No. 96-6 at 4.  The Court agrees.  Plaintiff has not introduced any expert testimony opining that handcuffing caused plaintiff's fistula damage or prevented it from maturing.  Plaintiff cannot rely solely on Dr. Shinn's earlier notes suggesting that handcuffing might be causing fistula blockage because her testimony explains that she later changed her opinion after conducting a venogram.  That Dr. Shinn had an earlier theory as to a potential cause which she has since ruled out after further investigation does not create a genuine issue of fact as to whether handcuffing actually prevented the maturation of plaintiff's fistula.

Finally, plaintiff objects that Dr. Shinn ordered him to receive ongoing physical therapy that he never received.  Docket No. 146 at 9.  Plaintiff did not include allegations related to physical therapy in his complaint; however, they were included in the Final Pretrial Order.  *See* Docket No. 113 at 2.  In any case, plaintiff does not present evidence that Martinez herself was in any way responsible for the alleged failure to provide plaintiff with physical therapy.  Plaintiff points to orders for physical therapy from Dr. Shinn dated July 20, 2009, *see* Docket Nos. 109-11, 109-12, but these orders post-date Martinez's tenure at FCF, which ended in May 2009.  *See* Docket No. 96-4 at 4.  Therefore, plaintiff's allegations regarding physical therapy are irrelevant to his claims against Martinez.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 143] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion for Summary Judgment [Docket No. 95] is **GRANTED**. It is further

**ORDERED** that plaintiff's Motion to Substitute Defendant John Doe, in His Individual and Official Capacities, as a Colorado Department of Corrections Officer [Docket No. 121] is **DENIED**. It is further

**ORDERED** that plaintiff's claims against defendant Renee Martinez are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's claims against defendants John Doe, in his Individual and Official Capacities, as a Colorado Department of Corrections Transportation Sergeant, and John Doe, in his Individual and Official Capacities, as a Colorado Department of Corrections Officer, are **DISMISSED without prejudice**.

DATED March 21, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge